**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff <br><br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant | § <br> § CIVIL ACTION 6:20-CV-00571-ADA <br> § CIVIL ACTION 6:20-CV-00572-ADA <br> § CIVIL ACTION 6:20-CV-00573-ADA <br> § CIVIL ACTION 6:20-CV-00574-ADA <br> § CIVIL ACTION 6:20-CV-00575-ADA <br> § CIVIL ACTION 6:20-CV-00576-ADA <br> § CIVIL ACTION 6:20-CV-00577-ADA <br> § CIVIL ACTION 6:20-CV-00578-ADA <br> § CIVIL ACTION 6:20-CV-00579-ADA <br> § CIVIL ACTION 6:20-CV-00580-ADA <br> § CIVIL ACTION 6:20-CV-00581-ADA <br> § CIVIL ACTION 6:20-CV-00582-ADA <br> § CIVIL ACTION 6:20-CV-00583-ADA <br> § CIVIL ACTION 6:20-CV-00584-ADA <br> § CIVIL ACTION 6:20-CV-00585-ADA <br> § PATENT CASE <br> § <br> JURY TRIAL DEMANDED |

**PROTECTIVE ORDER FOR PATENT CASES**

WHEREAS, Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development and Defendant Google LLC , hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information in these Actions[1];

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party or Third Party may designate as confidential for protection under this Order, in

---

[1] These Actions means the Case Nos. 6:20-cv-0571 through 6:20-cv-00585.

whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation " shall be placed on the placeholder image bearing the Bates number for the native file and in the filename of each such natively produced document.

2. Any document produced under this Court's Standing Order Governing Proceedings-Patent Case before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.     Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents,

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 16 herein:

(a)      outside counsel of record in these Actions for the Parties and outside counsel retained for the purpose of this litigation;

(b)      employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)      up to two in-house counsel for the Parties who are members in good standing of at least one state bar and have responsibility for making decisions dealing directly with the litigation of this Action and who have completed the Undertaking attached as Exhibit A[3];

(d)      up to and including two (2) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent; and the designated representatives have completed the Undertaking attached as Exhibit A;

(e)      outside consultants or experts[4] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for

---

[3] The signed undertakings shall be maintained by the Parties but do not need to be served on the opposing Party except under 5(e).

[4] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  If such consultant or expert believes any of this information is subject to a **confidentiality** obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

purposes other than this Action[5]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer within three business days in good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party must file a letter to the court within three (3) business day requesting a hearing or other suitable proceeding as soon as possible, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order[6] or after the time for objecting to such expert has expired;

(f) independent litigation support services, including contract attorneys who have completed the Undertaking attached as Exhibit A, persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g) the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED

---

[5] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

[6] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered.

MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order. Disclosure of DESIGNATED MATERIALS be subject to all applicable laws and regulations relating to the export of technical data contained in such DESIGNATED MATERIALS including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving DESIGNATED MATERIALS shall comply with all applicable export control statutes and regulations.

8.   To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.   For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in

paragraphs 5(a-b) and (e-g).

10.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the

following additional restrictions apply:

a.   Access to a Party's Source Code Material shall be provided on two standalone review
     computers per case available for in-person review as follows: each "stand-alone"
     computer (that is, the computer may not be linked to any network, including a local
     area network ("LAN"), an intranet or the Internet) with a display screen or monitor of
     a size of at least seventeen inches for each review computer in a secured locked room.
     Each stand-alone computer may only be connected to a device capable of temporarily
     storing electronic copies solely for the limited purposes permitted pursuant to
     paragraphs 10(h) and 10(o) below. The stand-alone computers shall, at the Receiving
     Party's request, include reasonable analysis tools for the type of Source Code Material.
     The Receiving Party shall be responsible for providing the tools or licenses to the tools
     that it wishes to use so that the Producing Party may install such tools on the stand-
     alone computers. Additionally, except as provided in paragraph 10(o) below, the stand-
     alone computers may only be located at the offices of Producing Party's outside
     counsel. The stand-alone computers shall have disk encryption and be password
     protected. Use or possession of any input/output device (e.g., USB memory stick,
     mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk,
     portable hard drive, laptop, or any device that can access the Internet or any other
     network or external system, etc.) is prohibited while accessing the computer containing
     the source code. The hosting facility for the producing Party shall provide a secure
     location to store personal electronic devices, such as cellular telephones, where they
     will be readily accessible to the reviewer outside the review room upon request.  The
     reviewing Party or its expert(s) will not attempt to circumvent the security of the review
     computer or confidentiality of the source code displayed;

b.   The Producing Party may periodically "check in" on the activities of the Receiving
     Party's representatives during any stand-alone computer review and may visually
     monitor the activities of the Receiving Party's representatives from outside the room
     in which the stand-alone computers are located, but only to ensure that no unauthorized
     electronic records of the Source Code Material and no information concerning the
     Source Code Material are being created or transmitted in any way; such monitoring
     activities being free from any interference that impedes or hinders the representatives'
     source code review. The producing Party will refrain from any active monitoring
     activities that reveal Attorney Work Product (e.g., viewing the source code review
     notes, monitoring the contents of the review computer's screen during the review, or

listening to conversation of the source code reviewer); such monitoring activities will not be considered to be reasonable.

c.  The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be no less than 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the review computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

d.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code Material on the stand-alone computers;

e.  The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computers as described above;

f.  Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts per case[7] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A Receiving Party may if necessary include excerpts of Source Code Material  in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that any such documents are appropriately marked as containing Source Code Material under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

g.  To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL

---

[7] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e), and further provided that there shall be no more than two such personnel.

SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

h.  Except as set forth in paragraph herein, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

i.  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders;

j.  The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party.  The Source Code Computers may be equipped with virtual printer software to permit the Receiving Party to print selected portions of Source Code to a PDF file that can be printed subsequently by the Producing Party. After making printed copies of the PDF, the producing party shall not delete the requested PDFs from the source code computers.

k.  The Receiving Party shall not request printed Source Code to review Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer.  To the extent the Receiving Party requires an aggregate total of more than 1000 pages of Source Code for any software release, limited by a contiguous block of no more than one-hundred (100) pages, the Receiving Party shall make such request, and the Parties shall meet and confer in an effort to reach an agreement to produce an agreed number of additional pages.  The Producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages requested by the Receiving Party;

l.  Within no later than two (2) business days of receiving a print request, the Producing Party shall either (i) provide to the Receiving Party five (5) Bates stamped hard copies of the requested Source Code, which at the Producing Party's sole discretion may be provided on watermarked paper ("Original Copies") or (ii) inform the Requesting Party that it objects to the print request or portions thereof as inconsistent with this Order.

The Parties shall immediately meet and confer and raise the issue with the Court if they cannot resolve the objection.

m.  Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

n.  If the Receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order. The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, which shall presumptively be a total of five (5), all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

o.  A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 10(f) above to another person authorized under paragraph 10(f) above, and on paper via hand carry (including via a hand carry courier service). Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as expressly permitted herein.  Source Code Material may only be transported electronically via removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraphs 10(h-i) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

p.  The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery.  Notwithstanding  the foregoing, any such notes shall be

stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE"  The log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion). If during the course of a review the receiving Party has stored electronic print-outs of Source Code Material (for example a pdf file) on the review computer, the receiving Party may request the producing Party provide the receiving Party with a Bates-labeled and appropriately designated paper copy of the electronic print-outs to the Receiving Party within no later than two business days. The producing Party will not delete such stored electronic print-outs from the review computer.

q.  The Producing Party will notify the Receiving party when the Source Code production is complete and ready for inspection. A list of names of persons who will review Source Code Material on the stand- alone computers will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computers, the Receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the Producing Party. The Receiving Party shall provide two (2) business days' notice[8] in advance of scheduling any additional inspections.  Any single inspection may span multiple days based on the same notice if the notice details the number of days. Such notice shall include the names and titles for every individual from the Receiving Party who will attend the inspection.  The Producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

r.  The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a Producing Party) that are delivered by the Receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code; and

s.  All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

---

[8] The counting of business days is inclusive of the day notice is provided if the notice is provided by 6pm CT.  For example, for a Monday inspection, notice must be provided by 6pm CT on the preceding Thursday.

11.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

12.     Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR 734.  No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this

prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

13. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order if allowed under applicable protective orders in the other litigation;(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating

Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

14.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by notifying the recipient(s) and providing a privilege log for the produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party. After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information. If any such inadvertently produced material has been used in any other document generated in

connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.  If a receiving Party or person authorized to access DESIGNATED MATERIAL ("Authorized Recipient") discovers any loss of DESIGNATED MATERIAL or a breach of security, including any actual or suspected unauthorized access, relating to another party's DESIGNATED MATERIAL, the receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours)  provide written notice to designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or at any hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the

ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.[9] For depositions of Google fact witnesses taken remotely, unless the parties agree otherwise, the parties shall use Google Meet and Drive. For depositions of WSOU fact witnesses taken remotely, unless the parties agree otherwise, the parties shall use Zoom.  Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings.  Subject to any challenge to a particular designation under paragraph 20, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

---

[9] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Exhibit A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

17.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY".

18.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.  At any point, (other than during a deposition) a Party may seek to designate and protect previously produced DESIGNATED MATERIAL as Highly Sensitive Documents/Information (HSD/HSI).  The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.  The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or

given by such Third Parties. The Third Parties and any Party shall have seven (7) business days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order.   Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

23.    Any person in possession of DESIGNATED MATERIAL will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of DESIGNATED MATERIAL.  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to DESIGNATED MATERIAL solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of DESIGNATED MATERIAL, and take reasonable measures to password protect and encrypt DESIGNATED MATERIAL. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of DESIGNATED MATERIAL.

24.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating Party agrees otherwise in writing or a

court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

25.    Within thirty (30) days of final disposition of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed. The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.

26.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall

discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

SIGNED this 17th day of September, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § | CIVIL ACTION 6:20-CV-00571-ADA CIVIL ACTION 6:20-CV-00572-ADA CIVIL ACTION 6:20-CV-00573-ADA CIVIL ACTION 6:20-CV-00574-ADA |
| Plaintiff | § § § | CIVIL ACTION 6:20-CV-00575-ADA CIVIL ACTION 6:20-CV-00576-ADA CIVIL ACTION 6:20-CV-00577-ADA |
| v. | § § § | CIVIL ACTION 6:20-CV-00578-ADA CIVIL ACTION 6:20-CV-00579-ADA CIVIL ACTION 6:20-CV-00580-ADA |
| GOOGLE LLC, | § § | CIVIL ACTION 6:20-CV-00581-ADA CIVIL ACTION 6:20-CV-00582-ADA |
| Defendant | § § § § § § | CIVIL ACTION 6:20-CV-00583-ADA CIVIL ACTION 6:20-CV-00584-ADA CIVIL ACTION 6:20-CV-00585-ADA PATENT CASE JURY TRIAL DEMANDED |

**APPENDIX A**
**ACKNOWLEDGEMENT & AGREEMENT TO BE BOUND BY**

**PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this Action.  I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for

1

purposes of this Action any information designated as "CONFIDENTIAL,"
"RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL
SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of this Action, I will return all documents and things
designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"
or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,
and all documents and things that I have prepared relating thereto, to the outside counsel
for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the
Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____