IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a, | § | |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-CV-00574-ADA |
| DEVELOPMENT | § | CIVIL ACTION 6:20-CV-00577-ADA |
| | § | CIVIL ACTION 6:20-CV-00578-ADA |
| *Plaintiff,* | § | CIVIL ACTION 6:20-CV-00581-ADA |
| v. | § | CIVIL ACTION 6:20-CV-00582-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

**WSOU'S OPPOSITION TO GOOGLE'S MOTION FOR
INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1**

Plaintiff WSOU Investments, LLC respectfully opposes Google's motion post-judgment and post-appeal to supplement the record and for an indicative ruling under Federal Rule of Civil Procedure 62.1.

**BACKGROUND**

On June 2, 2021, the Court entered a Claim Construction Order across all the *WSOU v. Google* actions (Cases 571-585). In that Order, the Court held two terms to be indefinite and eight terms to be indefinite under Section 112 ¶ 6 for failing to disclose corresponding structures or algorithms. As a result, all of the asserted claims would be invalid in Cases 581 and 582 and most of the asserted claims would be invalid in Cases 574, 577, and 578.

Soon after the Claim Construction Order issued, Google's counsel began requesting—and, later, demanding—that WSOU dismiss those claims with prejudice. At no time did Google communicate its belief that the Claim Construction Order was inadequate or that it needed to be supplemented with additional analysis. To the contrary, Google threatened that, if WSOU did not agree to dismiss the claims, Google would "promptly file summary judgment motions in [these]

cases and seek fees and costs associated with such motions." Exhibit A.

To avoid unnecessary expenses and motions practice, WSOU agreed to dismiss the subject claims and the parties negotiated Joint Stipulations of Dismissal and Final Judgments in these five cases that would permit WSOU to appeal these claim constructions. The parties jointly moved for entry of dismissal and final judgment on August 23 (Cases 581-582) and September 17, 2021 (Cases 574 and 577-578), which the Court granted on September 17 (Cases 581-582), September 28 (Cases 574 and 578), and October 10, 2021 (Case 577). WSOU filed timely Notices of Appeal on September 30 and October 12, 2021.

Nearly a month after the last Notice of Appeal was filed, and after all appeals were docketed, Google asked if WSOU would join or oppose a motion for an indicative ruling under Rule 62.1 for a "more fulsome *Markman* order with analysis of the claim terms that are the subject of WSOU's appeals to the Federal Circuit." Google did not, however, explain how it believed the Claim Construction Order to be deficient or need additional analysis, nor whether supplementing a *Markman* decision is an appropriate use of Rule 62.1. For the reasons set forth below, WSOU opposes Google's motion.

## THE COURT SHOULD DENY GOOGLE'S MOTION

### A.   An Indicative Ruling Will Have No Effect on the Appeals Because Claim Construction Is Reviewed *de Novo*.

A motion for an indicative ruling should be denied when it would do little to aid the appellate court because the issue on appeal is a question of law. *See Ret. Bd. of Policeman's Annuity v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013) ("Unlike a Rule 60(b) motion, where the appellate court benefits from the district court's evidentiary assessments, the legal question at issue here is reviewed *de novo* by the court of appeals.") Claim construction is an issue of law that the Federal Circuit reviews *de novo*. *Linear Tech. Corp. v. ITC*, 566 F.3d 1049,

1054 (Fed. Cir. 2009).

The only issues on appeal in these cases are claim constructions. Google's request that the Court issue additional analysis to support those constructions merely burdens this Court when the Federal Circuit is going to construe those terms itself. An indicative ruling seems particularly unhelpful where, as here, the Court agreed with Google's positions that the limitations subject to Section 112 ¶ 6 do not have corresponding structure or algorithms. In effect, Google is asking the Court to show an alleged negative with "additional ... analysis." Mot. at 2.

In the end, the indicative ruling just burdens the Court with additional work but does nothing to change how the Federal Circuit will perform its *de novo* review. For these reasons alone, Google's Motion should be denied. *Policeman's Annuity*, 297 F.R.D. at 221.

### B.  An Indicative Ruling Would Not Serve the Purposes of Rule 62.1.

The purposes of Rule 62.1 include (1) conserving judicial resources and (2) avoiding unnecessary appeals. *Howard v. Cook Cnty. Sheriff's Off.*, No. 17 C 8146, 2020 WL 1445620, at *3 (N.D. Ill. Mar. 25, 2020). The indicative ruling requested by Google would serve neither of those purposes.

First, Google asks this Court to expend resources providing "additional claim construction analysis," even though Google was satisfied enough with the Claim Construction Order to threaten WSOU with fees and costs if WSOU did not immediately dismiss the subject claims. Second, if this motion is granted, Google will next consume resources of the Federal Circuit with a request under Federal Rule of Appellate Procedure 12.1, with a possible remand and return to the Federal Circuit and a new briefing schedule. Third, all these resources will be expended but the actual claim constructions on appeal will not have changed one iota. In other words, the indicative ruling will not obviate any appeals nor eliminate any issues on appeal. *See Jenkins v. City of Taunton*,

No. 15-10003, 2018 WL 326462, at *4 (D. Mass. Jan. 8, 2018) ("Indicative rulings under Rule 62.1(a)(3) serve a purpose of obviating the necessity for an appeal").

For these reasons, too, the Court should deny Google's Motion for an inefficient and ineffectual indicative ruling.

      **C.    The Court Has Discretion to Deny Google's Unprecedented Post-Judgment Motion to Supplement the Claim Construction Record.**

Rule 62.1 gives this Court discretion to refuse the indicative ruling. Fed. R. Civ. P. 62.1(a)(2). Google did not cite—and WSOU did not find—any cases where a district court granted a Rule 62.1 motion merely to supplement a claim construction order that would be reviewed *de novo* anyway. Indeed, the cases Google did cite argue against an indicative ruling here.

In the *Jenkins* case cited by Google, the motion under Rule 62.1 was **denied** even though the requested relief was much more pertinent to the issues on appeal than here. 2018 WL 326462, at *5. The *Jenkins* court refused to grant defendants' Rule 62.1 motion to correct a material mistake in the summary judgment record from a misstatement in plaintiff's deposition and where the notice of appeal was filed after the motion to correct. *Id.* at *3-4. Here, Google pushed for dismissals based on the Claim Construction Order—and threatened WSOU with fees and costs—only to pivot weeks after the appeals were docketed and ask for "additional analysis" on unchanged constructions.

In *Howard*, the district court indicated it would grant plaintiffs' Rule 62.1 motion to modify the certified class due to newly produced documents, explaining that "[a] class certification order is 'inherently tentative,' and a district court 'remains free to modify it in the light of subsequent developments in the litigation.'" 2020 WL 1445620, at *4, *7 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). Similarly, in *M.C. Moore v. Tangipahoa Parish School Board*, 836 F.3d 503, 504 (5th Cir. 2016), the Fifth Circuit remanded to allow the district court to consider

4

new evidence about the appointment of a desegregation officer. In *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, No. 10-1377, 2011 WL 5275848, at *1 (Fed. Cir. Nov. 4, 2011), the Federal Circuit agreed to remand a portion of the appeal that the parties agreed to stipulate for dismissal based on the results of a separate appeal, but briefing on the remaining issues in the appeal would proceed. Here, there are no subsequent case developments and no suggestions that the claim constructions themselves will change—constructions that the Federal Circuit will give little deference in any event.

Google has not shown why supplementing the analysis of a claim construction order is an appropriate use of Rule 62.1. This is an appropriate circumstance to exercise discretion and deny Google's motion. Fed. R. Civ. P. 62.1(a)(2).

## CONCLUSION

For the reasons set forth above, the Court should deny Google's Motion under Rule 62.1.

|  |  |
|---|---|
| Date: December 2, 2021 | Respectfully submitted, |
|  | */s/ James L. Etheridge* |
|  | James L. Etheridge |
|  | Texas Bar No. 24059147 |
|  | Ryan S. Loveless |
|  | Texas Bar No. 24036997 |
|  | Brett A. Mangrum |
|  | Texas Bar No. 24065671 |
|  | Travis L. Richins |
|  | Texas Bar No. 24061296 |
|  | Jeffrey Huang |
|  | Brian M. Koide |
|  | Nathan K. Cummings |
|  | Etheridge Law Group, PLLC |
|  | 2600 E. Southlake Blvd., Suite 120 / 324 |
|  | Southlake, TX 76092 |
|  | Tel.: (817) 470-7249 |
|  | Fax: (817) 887-5950 |
|  | Jim@EtheridgeLaw.com |
|  | Ryan@EtheridgeLaw.com |

        Brett@EtheridgeLaw.com
        Travis@EtheridgeLaw.com
        Jhuang@EtheridgeLaw.com
        Brian@EtheridgeLaw.com
        Nathan@EtheridgeLaw.com

        Mark D. Siegmund
        State Bar No. 24117055
        mark@swclaw.com
        STECKLER WAYNE COCHRAN
        CHERRY, PLLC
        8416 Old McGregor Rd.
        Waco, Texas 76712
        Telephone: (254) 651-3690
        Facsimile: (254) 651-3689

        *Attorneys for Plaintiff WSOU Investments, LLC*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on December 2, 2021.

        */s/ James L. Etheridge*
        James L. Etheridge

6